IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INTERACTIVE LIFE FORMS LLC, | § | |
| a Texas Limited Liability Corporation, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:15-942 |
| | § | |
| | § | |
| BLEWIT, LLC | § | JURY TRIAL DEMANDED |
| | § | |
|   Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Comes now Plaintiff Interactive Life Forms, LLC (hereafter "ILF") by and through the undersigned counsel, and files this complaint against Defendant Blewit, LLC, ("Defendant") and alleges the following:

### NATURE OF THE ACTION

1.    This action arises under federal statutes, 35 U.S.C. §§ 271 *et seq.* (the patent laws of the United States).

2.    This lawsuit is brought to stop Defendant from infringing valuable intellectual property rights, specifically to stop the infringement of U.S. Patent No. 5,807,360 (the '360 patent).

3.    Plaintiff has invested significantly in terms of money and time in the development and design of Fleshlight products and the products enjoy widespread consumer success.

4.    Plaintiff respectfully seeks intervention of this Court to stop Defendant from continuing its present activities and for monetary damages.

**THE PARTIES**

5.      Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

6.      Plaintiff ILF is a Texas Limited Liability Corporation having a principal place of business at 7000 Burleson Road, Building C, Suite 300, Austin, Texas 78744.

7.      Steven Shubin owns all rights, titles, and interests in the '360 patent and has exclusively licensed the foregoing to Plaintiff ILF.

8.      On information and belief, Defendant Blewit, LLC is a Texas LLC  with a mailing address of 4265 San Felipe St, Houston, Texas 77027-2920, whose registered agent is Corporate Creations Network, Inc., with the same address.

9.      On information and belief, Defendant has an office in this division of the Western District of Texas at Blewit, LLC, Texas, 2407 S. Congress Ave., Suite E-633 Austin, Texas 78704.

10.     On information and belief, the CEO and founder of Blewit, LLC, CT Schenk, is a resident of Austin, Texas.

**JURISDICTION AND VENUE**

11.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

12.     This Court has subject matter Jurisdiction over the parties and subject matter of this action is proper in this Court under 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 1331 (actions arising under the laws of the United States) and 28 U.S.C. § 1338(a) (actions relating to patents and trademarks).

13.     This Court has personal jurisdiction over Defendant because Defendant has committed and continues to commit acts of infringement in the state of Texas and has engaged in continuous and systematic activities in the state of Texas, including this district.

14.      Defendant's infringing products are offered for sale via the internet, and on information and belief, sold in the Western District of Texas.

15.      Venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400 because Blewit has an office within the Western District of Texas and its CEO and founder resides in Austin, Texas.

**FACTS**

16.      Plaintiff ILF is a privately-held, family-owned and operated, Texas limited liability company with its worldwide headquarters located at 7000 Burleson Rd, Building C, Suite 300, Austin, TX 78744.

17.      Steven Shubin is the inventor of U.S. Patent No. 5,807,360 (the '360 patent).  *See* Exhibit A.  The application was filed on September 27, 1996 and issued on September 15, 1998. The title of the patent is a "Device for a discreet sperm collection."

18.      The Fleshlight product was conceived and designed by inventor Steve Shubin almost two decades ago, after a flash of inspiration, and at enormous financial investment, and was the inventor's unique vision of how to successfully address the most basic of male urges in a safe and sanitary manner.  The Fleshlight product was first commercialized in 1997 and literally created the industry for a product that had not previously existed, a discrete but extremely realistic sexual device for males.  The Fleshlight has been extremely successful and popular in the marketplace. By 2011, ILF had sold four million Fleshlights and to date over 8 million products have been sold. Fleshlights are available for sale in Austin, Texas and throughout the United States. They are also available for sale and have been sold all over the world.

19.      ILF operates a 70,000 square feet factory for manufacturing and production in Austin, Texas. ILF has invested millions of dollars in manufacturing and production equipment and hundreds of thousands of dollars in research and development for products that embody the '360 patent.

20.     ILF employs around 130 people worldwide.

21.     In a recent article posted at http://www.xbiz.com/news/198967, CT Schenk was identified as having more than ten years of experience in the sex device industry. *See* Exhibit B.

22.     ILF's products have developed a reputation of excellence throughout the United States, as well as internationally. That is based primarily on the lifelike sensation that the Fleshlight product is able to provide using its proprietary elastomeric gel interior, and also because of the teachings of the '360 patent.

23.     ILF manufactures and sells products that are covered by one or more of the claims of the '360 Patent, including most if not all of its Fleshlight products.

24.     CT Schenk, the founder and CEO of Blewit, served as the affiliate manager at Strategeon, a company affiliated with the Plaintiff in the sale of Fleshlight products from 2005 to approximately 2008.

25.     On information and belief, CT Schenk and Blewit had full knowledge of the '360 patent and ILF's patented technology due to Schenk's close working relationship with Plaintiff from 2005-2008, and such relationship is circumstantial evidence that the infringing products were copied from the Fleshlight products.

26.     On information and belief, CT Schenk and Blewit have been aware of the '360 Patent at all times that it has been importing and/or offering for sale or selling any of its infringing products.

27.     On information and belief, CT Schenk and Blewit actually knew or should have known that its actions constitute an unjustifiably high risk of infringement of a valid and enforceable patent.

28.     All of the circumstantial evidence establishes that the Defendant intentionally copied the covered Fleshlight products. While Defendant has altered the exterior contour of its infringing devices so that they do not closely resemble a large flashlight, they are otherwise interchangeable in form and function with the Fleshlight products for purposes of the '360 Patent. The infringing devices are named "blewit!"

29.     Because the blewit! products are targeted at the same consumer as the patented Fleshlight products, the blewit! product is almost exactly the same size, shape, and configuration as the patented Fleshlight products.  Both are devices useful for the collection of sperm from human males in a discrete manner. Both have an outer shell having a generally tubular inside chamber. Both the Fleshlight products and the blewit! products have a removable cap at each end of the product that is compatible with the device. Both have a removable elastomeric gel interior that is intended to feel like human flesh. Both have an opening at one end that simulates a body orifice intended for insertion by the male. Both products also have an opening at the second end that is exposed when the user removes a cap for purposes of venting the air from inside the device.

30.     On information and belief, CT Schenk, the CEO and founder was aware that Plaintiff has vigorously enforced its rights under the '360 patent and has decided to import its infringing products for sale anyway.

31.     On information and belief, the Defendant has imported infringing products into the United States.   The photograph attached as Exhibit C shows that the blewit! product packaging claims that the product is "Manufactured in China."

32.     On information and belief, Defendant publicly announced its product launch at the Sexual Health Expo in New York City in September 2015. (*See* Exhibits B and D and E).

33.     On information and belief, the photograph from a recent trade show in NYC, attached as Exhibit F, shows a number of infringing products being displayed.

34.     On information and belief, Defendant has displayed its products in the public at least one trade show as well as on social media such as Facebook.com and has marketed infringing products with the expectation that its products can be purchased by end users in the Western District of Texas.

35.     In a "tweet" on the "Teamblewit" Twitter page, there is the following entry: "TeamBlewit just release [sic] this amazing device. Visit @SexHealthExpo in NYC, they are ridiculously priced this week."  *See* Exhibit G.

36.     Defendant advertises, demonstrates, and/or recommends infringing uses and/or provides instruction on how to engage in infringing uses of the infringing blewit! product through various forms and by various means, including but not limited to, attending trade shows, see: http://www.bustle.com/articles/111773-5-highlights-from-the-sexual-health-expo-because-this-is-what-the-future-of-sex-looks. *See* Exhibit H. This article includes a link that will take the reader from this article to this website: http://blewit.com/, which advertises the blewit! product as a "Performance Training Experience." *See* Exhibit I.

37.     Defendant offers its products for sale on websites such as: http://www.gspotzone.com/index.php?route=product/product&product_id=29156; (Exhibit J), and http://playtimeboutique.com/catalog/product/view/id/42387/s/blewit-men--s-pleasure---performance-masturbator (Exhibit K).

38.     Third parties have also promoted the infringing blewit! product: https://twitter.com/ReidAboutSex/status/645412897598898176. (Exhibit L).

39.     In the article published at http://www.xbiz.com/news/198967, it was reported that Defendant would debut its infringing product at a Sexual Health Expo in New Your City. In the same article, the infringing product is described as being patented, although there is no record at the USPTO of Blewit, LLC or the blewit! product being granted any United States patents. The Sexual Health Expo took place on September 19-20, 2015. Plaintiff ILF also displayed its patented Fleshlight products at this Expo. By displaying its blewit! product at this show, the Defendant deprived plaintiff of the legal monopoly that the '360 Patent provides for its patented Fleshlight products. *See* Exhibit B.

40.     Defendant   describes   and   shows   its   products   on   social   media: https://www.facebook.com/teamblewit.           (Exhibit           M)           and https://twitter.com/hashtag/sheexpo?src=hash (Exhibit N).

41.     Plaintiff ILF has vigorously enforced its '360 Patent.  In 2010, Plaintiff instituted litigation in both the ITC and in federal court in the Western District of Texas against more than two dozen infringers. All of the parties in this litigation, with the exception of one, either settled or terminated all sales of infringing products. One of the accused infringers made substantive changes to its product to remove an infringing feature.  In 2014, Plaintiff enforced its patent and trademarks against a different infringer in the Western District of Texas and filed a complaint that requested a preliminary injunction. This Party also immediately settled and terminated all sales of infringing products before the injunction hearing could take place.

42.     Defendant has imported, made, used, offered to sell, and/or sold within the United States blewit! products that are intended to directly compete with Plaintiff's patented Fleshlight products.   For example, Blewit describes it products as "A Better Performance Training Experience." *See* Exhibit M. This theme of "improved performance" is replete in all of the

advertisements related to Blewit. On information and belief, since Defendant's CEO CT Schenk worked for intimately with ILF from 2005 to 2008, he was well aware that Plaintiff also sells Stamina Training Devices that are covered by the '360 Patent.

**COUNT ONE**

**<u>PATENT INFRINGEMENT</u>**

43.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

44.     On September 15, 1998, United States Patent No. 5,807,360 (the '360 patent) was issued to Steven Shubin, the sole inventor, for an invention for a "Device for Discreet Sperm Collection."  A true and correct copy of the '360 patent is attached as Exhibit A.

45.     The '360 Patent is valid and enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

46.     Plaintiff ILF is the exclusive licensee of the '360 patent. Plaintiff ILF has the legal right to enforce the '360 Patent and sue infringers.

47.     Defendant Blewit, LLC directly infringes, either directly or under the Doctrine of Equivalents, at least one claim of the '360 Patent.

48.     Defendant has been and is directly infringing and/or inducing infringement of and/or contributorily infringing the '360 patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by the claims of the '360 patent, including, by way of example and not limitation, the Defendant's "blewit!" product.

49.     Defendant's infringement of the '360 patent is willful and deliberate, entitling Plaintiff ILF to enhanced damages and reasonable attorney fees and costs and any other remedies available under 35 U.S.C. §§ 284 and 285.

50.     As a result of Defendant's unlawful infringement of the '360 patent, Plaintiff has suffered and will continue to suffer damage.  Plaintiff ILF is entitled to recover from Defendant any and all damages suffered by Plaintiff ILF as a result of Defendant's unlawful acts.

51.     On information and belief, Defendant intends to continue its unlawful infringing activity, and Plaintiff ILF continues to and will continue to suffer irreparable harm for which there is no remedy at law from such unlawful infringing activity unless Defendant is enjoined by this Court. Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

52.     The facts and circumstances surrounding the subject of this lawsuit make this an "exceptional case" under 35 U.S.C. § 285 and as such, Plaintiff is entitled to recovery its attorney fees.

## DEMAND FOR A JURY TRIAL

53.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff ILF respectfully requests a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff INTERACTIVE LIFE FORMS LLC requests entry of judgment in its favor and against Defendants including the following:

a)     A judgment declaring that Defendant has directly infringed Plaintiff ILF's '360 patent.

b)     A judgment declaring that Defendant has indirectly infringed Plaintiff ILF's '360 patent.

c)     A judgment declaring that Defendant has infringed ILF's '360 patent under a theory of doctrine of equivalents.

d)     A judgment awarding Plaintiff ILF damages as a result of Defendant's infringement of the '360 patent, together with interest and costs;

- 9 -

e)      A judgment awarding Plaintiff ILF treble damages and pre-judgment interest under 35 U.S.C. § 284 due to Defendant's willful and deliberate infringement of Plaintiff ILF's patents;

f)      A judgment against that this case is exceptional under 35 U.S.C. § 285.

g)      Award Plaintiff reasonable and necessary costs and attorneys' fees;

h)      A grant of preliminary and permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of patent infringement, including from inducing or contributing to such activities;

i)      Any other accounting for damages;

j)      Any other appropriate interest and costs; and

k)      For such other and further relief as the Court deems just and proper.

Dated:  October 21, 2015                 Respectfully submitted,

                                         */s/ Alan D Albright*
                                         Alan D Albright
                                         Texas Bar No. 00973650
                                         BRACEWLL & GIULIANI LLP
                                         111 Congress Avenue, Suite 2300
                                         Austin, Texas 78701
                                         Phone: (512) 494-3620
                                         Facsimile: (800) 404-3970
                                         Email: alan.albright@bgllp.com

                                         ATTORNEY FOR PLAINTIFF
                                         INTERACTIVE LIFE FORMS, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2015 a true and correct copy of the foregoing PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT, with attachments was filed electronically with the Clerk of Court using the CM/ECF system.

<u>*/s/ Alan D Albright*</u>
Alan D Albright